UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21558 KMW

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL INS.
CO., and GEICO CAS. CO.,

       Plaintiffs,

vs.

FERNANDEZ MEDICAL SERVICES, INC., MADAY
FERNANDEZ

       Defendants
_____/

## DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

COMES NOW the Defendant, FERNANDEZ MEDICAL SERVICES INC., & MADAY FERNANDEZ, by and through undersigned counsel, hereby files this response pursuant to the Court's order directing Defendants' to show cause why a default judgment should not be entered and sanctions imposed, Doc. 25, and states:

1. This is a civil RICO action in which Fernandez Medical Services Inc., and Maday Fernandez are named as party Defendants.

2. Defendants moved for extension of time to respond to the complaint on May 22, 2020. Doc. 14.

3. The Court granted Defendants' motion for extension of time on May 22, 2020. [Doc. 16]

4. Pursuant to the order, Defendants' response to the complaint was due on or before June 19, 2020. [Doc. 16].

5. On June 23, 2020, the Court issued an order directing Defendants to show cause why a default judgment should not be entered and sanctions imposed for Defendants' failure to comply with said order. [Doc. 25].

## I. Legal Standard

6. Fed. R. 16(f)(1)(C) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order." The rule continues, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of noncompliance with this rule, unless the noncompliance was substantially justified *or other circumstances make an award of expenses unjust*." Fed. R. Civ. P. 16(f)(2) (emphasis added).

7. "Courts apply the excusable neglect standard [where] a party missed a deadline set by the Federal Rules of Civil Procedure or [] court order." *Boraks v. Daniels*, 2011 WL 13319151 at 2 (Fla. S.D. 2011) "In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." Id. (*quoting Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009)).

## II. Argument

8. Sanctions should not be imposed. Defendants' failure to comply with the deadline was a result of excusable neglect rather than a willful contemptuous disregard of the Court's order. The due date to file a response to the complaint was mistakenly not calendared[1]; thus, the undersigned inadvertently missed the deadline.

---

[1] Affidavit of Christopher Falck.

9. Upon receiving the show cause order on June 23, 2020, the Defendants,' by and through undersigned counsel, immediately filed a notice of adopting the motion to dismiss filed by the Palmetto Health Defendants.[2] Doc. 27.

10. There is no danger of prejudice to the Plaintiffs by the short delay, and nor will it impact the proceedings.

WHEREFORE the Defendants, FERNANDEZ MEDICAL SERVICES INC., & MADAY FERNANDEZ, by and through undersigned counsel, prays that sanctions are not imposed against Defendants for failure to comply with the Court's order.

Respectfully Submitted,

*/s/Christian Carrazana*
Christian Carrazana, Esq.
Fla. Bar No.: 188115
**CHRISTIAN CARRAZANA, P.A.**
P.O. Box 900520
Homestead Florida 33030
Tel No.: (786) 226-8205
Email: christian@carrazana-legal.com
*Attorney for Defendants*

---

[2] The motion to dismiss is docketed at Doc. 11.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was filed and served on this 27th day of June 2020 to counsel of record on the attached service list.

> */s/Christian Carrazana*
> Christian Carrazana, Esq.
> Fla. Bar No.: 188115

## SERVICE LIST

## CASE NO.: 1-19-cv-21183-KMW

John P. Marino, Esq.
Lindsey R. Trowell, Esq.
Kristen Wenger, Esq
SMITH, GABRELL & RUSSELL LLP
50 N. Laura St., Sutie 2600
Jacksonville Florida 33202
Phone: (904) 598-6100
Facsimile: (905) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger@sgrlaw.com
Attorneys for Plaintiffs

Kenneth B. Schurr, Esq.
2030 S. Douglas Rd.
Coral Gables Florida 33134
Phone: (305) 441-9031
Email:  counselken@schurrlaw.com
Email:  kbsservice@schurrlaw.com
Attorney for Co-Defendants

Timothy J. Bang, Esq., Esq.. (pro hac vice)
RIVKEN RADLER LLP
Uniondale NY 11550
Phone: (516) 357-3000
Email: timothy.bang@rivkin.com
Attorney for Plaintiffs

Andrew Baratta, Esq.
Baratta, Russell & Baratta
3500 Reading Way
Huntington Valley PA 19006
Tel: 215-914-2222
Facsimile: 215-914-2118
Email:  andrew@barattarussell.com
Attorney for Co-Defendants