UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21558-KMW

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY
and GEICO CASUALTY CO.,

        Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
FERNANDEZ MEDICAL SERVICES, INC.,
MADAY FERNANDEZ, PAIN RELIEF CLINIC OF
HOMESTEAD CORP., LESYANI MARTINEZ,
LMT, DANIEL COLLAZO LOPEZ, HEALTH
AND WELLNESS SERVICES, INC., ANDRELVIS
PEREZ, MANUEL ALEJANDRO FRANCO, M.D.,
WELLNESS HELATHCARE CLINIC CORP., **JOSE
RAMON CABRERA**, TAMARA Y. HERNANDEZ,
**NESTOR FERNANDEZ, M.D.**, RESTORATIVE
THERAPY CENTER INC., RANDY DIAZ, SERGIO
CASTELLANOS, YURITZA HERNANDEZ GOMEZ, LMT.,
MAYULYS M. GALLO, LMT., GLOBAL CARE
SERVICES, INC., SILVIO MICHEL MESTRE DREKE,
ARMANDO DE FERIA, MD., MARIO LOPEZ, LMT.,
**DOCTOR MAX MEDICAL CENTER CORP**., ADRIAN
HERNANDEZ ALEMAN, **IRENE CABRERA**, **JACQUELINE
LEVA MD.**, **PEDRO HERRERA VILLAFRANCA, LMT.,**
JORGE SIMON ROQUE, LMT., PALMETTO HEALTH MEDICAL
CENTER CORP., AND MARTHA I. TORRES, LMT.,

        Defendants.

_____/

**(PAGE LEFT INTENTIONALLY BLANK)**

<u>**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR A MORE
DEFINITE STATEMENT**</u>

For this Motion, the Defendants, JOSE RAMON CABRERA, NESTOR FERNANDEZ,

M.D., DOCTOR MAX MEDICAL CENTER CORP., IRENE CABRERA, JACQUELINE

LEVA MD., and PEDRO HERRERA VILLAFRANCA, LMT. (hereinafter collectively "Max

Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P.

12(b)(6), 12(e) and local rule 7.1 (c), do hereby submit the following Reply to Plaintiff's

Memorandum in Opposition to Defendants' Motion to Dismiss and Alternative Motion for a

More Definite Statement, and in support thereof aver as follows:

## I.      GEICO'S COMPLAINT SHOULD BE DISMISSED

As will be discussed, much of GEICO's response does not address the points raised by

defendants in their motion to dismiss. Given the limited space, defendants will address the key

points that rebut GEICO'S main arguments.

### A.  DECLARATORY JUDGMENT COUNT AGAINST DOCTOR MAX
####     MEDICAL CENTER CORP.

GEICO'S reply still fails to meet the "black letter" pleading requirement of demonstrating a

*real* and *immediate* threat of *future* harm, as articulated in binding precedent from the Eleventh

Circuit.  *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006).  GEICO pivots from this issue,

by citing to cases in which a plaintiff-insurer's declaratory judgment claim had not been

dismissed. Another GEICO lawsuit, cited by Plaintiffs in their response, *Government Employees*

*Insurance Company v. KJ Chiropractic Center, LLC*., 6:12-cv-1138 (M.D. Fla. 2014), also

dismissed a GEICO complaint against various medical providers as a "shotgun" pleading.  After

a second bite at the apple also failed, the court dismissed a second amended complaint as to the

declaratory judgment count. The October 23, 2013 "Report and Recommendation" of the

Honorable David A. Baker, Magistrate Judge, adopted by the district court judge in full, sets forth almost the *exact* rationale advocated by defendants in this case regarding the dismissal of the declaratory action count.  The Magistrate rejected GEICO's *exact* argument as to the potential for lower court lawsuits, holding that "As Plaintiffs claim to be well aware of the alleged fraudulent schemes; the injury – paying on a fraudulent claim submitted by the clinics – is unlikely to be repeated."  Given the fact that the 2013 legislative amendments applicable to this case have added significant fraud protections, there is and cannot be any possibility of either a realistic controversy or threat of future harm.   Contrary to GEICO's incorrect representations, *at least two* of their own declaratory action counts in no-fault cases have been dismissed, one for the same reasons advanced in this case.

The cases cited by GEICO in support of their declaratory action issue *are all inapplicable.* ***None*** of the cases involve the amended 2013 statute which added the fraud remedy available to insurers, as discussed in defendants' motion.  The *only argument* raised in *State Farm Mutual Automobile Ins. Co. v. Comprehensive Physician Servs.,* 8:14-cv-2381 (M.D. Fla. 2014) is that Plaintiffs were "attempting to circumvent remedies available in state court." Similarly, *State Farm Mutual Automobile Ins. Co. v. Physicians Group of Sarasota,* 8:20-cv-1932 (M.D. Fla. 2014) raised only issues pertaining to abstention – and none of the issues raised by defendants. *State Farm Fire & Casualty v. Silver Star*, 739 F.3d 579 (Fla. 11th Cir. 2013) addresses the issue of declaratory judgment in a single sentence with no analysis. The bulk of the opinion concerns the issue of *unjust enrichment*, in the context of the *2008* Florida No-Fault statute which did not contain the fraud remedy.  Finally, *Gov't Emp. Ins. Co. v. Clear Vision*, 2017 U.S. Dist. LEXIS 47353 (M.D. Fla. 2017) is an *automobile glass* case, that does not involve the no fault statute and did not address the issues raised by defendant.

Additionally, in *Government Employees Insurance Company v. Analgesic Healthcare, Inc*., case no. 8:17-cv-1130 (M.D. Fla.2017), the court dismissed a similar GEICO "shotgun" pleading containing a count for declaratory relief because "it was virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."

The remainder of GEICO's argument is a red herring as to why it simply does not want to utilize the statutory fraud remedies created to address this exact conduct.  GEICO's position is simply wrong – if there is fraud, there is no exposure to pay any claims or otherwise pay any attorney's fees.

### B.  GEICO'S RICO CLAIMS AGAINST MAX DEFENDANTS

#### i.  RICO Claims Against Max Defendants Fail to Satisfy the "Operation and Management" Test.

GEICO's complaint unmistakably alleges that Doctor Max and Wellness Healthcare are ongoing "enterprises" and that the remaining Max Defendants are the RICO "persons." However, these allegations are wholly insufficient to establish a RICO cause of action against the remaining Max Defendants, as there are no allegations that they played any part in "directing" the affairs of the "enterprise."  *See Reves v. Ernest & Young*, 507 U.S. 170, 179 (1993).  (Holding that RICO liability requires some part in "directing" the corporation's affairs). GEICO, in its response alleges that it has satisfied the operation and management test because, allegedly, the Max Defendants "made decisions" under the direction of upper management. However, GEICO's vague, conclusory response fails to reference a *single paragraph* in its 215 page complaint that sets forth what specific "decisions" were made by the Max Defendants.

Notwithstanding, GEICO's response claims it has satisfied the operation and management test because it has alleged that medical director Max Defendants "participated" as medical director.  Mere "participation" is insufficient to satisfy the "operation and management"

test articulated in *Reves*. "Mere participation in the predicate offenses listed in RICO, even in conjunction with a RICO enterprise, may be insufficient to support a RICO cause of action." *Bennet v. Berg*, 710 F.2d 1361 (8th Cir. 1983). Since GEICO has not pled any other facts besides "participating," RICO claims against the Max Defendants must be dismissed for the failure to satisfy the operation and management test.

### ii. Absent an Association-in-Fact Enterprise, RICO Claims Against Max Defendants Fail to Meet the "Distinctiveness" Requirement.

In its response, GIECO expressly disclaims any association-in-fact enterprise, RICO claims against Max Defendants fail as a matter of law. The person / enterprise distinction arises from the longstanding common law maxim that a person cannot conspire with himself. *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992). Thus, for the RICO to survive in any manner against Santos, plaintiffs must satisfy the distinctiveness requirement between the Max Defendants and the "enterprises." GEICO has failed to do this.

### C. GEICO'S FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT CLAIM AGAINST ALL DEFENDANTS

GEICO again ignores the "elephant in the room," making no attempt to address the holding of the Honorable William M. Hoveler in *Carles Construction, Inc. v. Travelers Casualty*, 2013 WL 12061474 (S.D. Fla. 2013). Judge Hoveler, in dismissing a FDUTPA claim, recognized that Fla. Stat. §501.212 (4)(a) expressly states that the act does not apply to any "***person***" or "***activity regulated***" under the laws administered by the Office of Insurance Regulation. ("OIR"). The opinion references Fla. Stat. § 20.121(3)(a)(1) which states that the OIR is responsible for all activities concerning insurers or other risk bearing entities. GEICO concedes in its complaint that the "activity" which they are involved in is insurance and specifically, the issuance of no-fault insurance contracts in Florida and the payment of insurance

proceeds under Florida's No Fault statute, which are activities regulated by the OIR. *See Robin Hood Group v. Florida Office of Ins. Regulation*, 888 So.2d 393 (Fla. 4th DCA 2004). (Florida Department of Insurance regulates the insurance industry). Further, as for the allegations of fraud in the complaint, the 2012 amendments to the no-fault statute encompass all of the activities that GEICO complains of. None of the cases cited by GEICO involve the 2013 amendments to the no-fault statute which added insurer remedies for fraud and the OIR fraud reporting provisions for the administration of fraudulent conduct. Thus, even "fraudulent" conduct activities are regulated by the OIR under the new statute.

### D.  COMMON LAW FRAUD CLAIMS AGAINST ALL DEFENDANTS

GEICO's response presents nothing to refute that its 215 page complaint followed by 3,555 pages in exhibits is a "shotgun" pleading. In nearly four thousand pages, GEICO fails to attach even a single medical bill, which is what their fraud claims are based on. A GEICO medical provider lawsuit was dismissed for being a "shotgun pleading," determining that "it was virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Government Employees Insurance Company v. Analgesic Healthcare, Inc.*, case no. 8:17-cv-1130 (M.D. Fla.2017). Another GEICO medical provider lawsuit, in *Government Employees Insurance Company v. KJ Chiropractic Center, LLC.*, 6:12-cv-1138 (M.D. Fla. 2014) was also dismissed as a shotgun pleading. The practice of filing shotgun pleadings has been repeatedly condemned in this judicial circuit. P*ayor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir. 2014), *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979. *See also, Weiland*, 792 F.3d 1313, 1323 (11th Cir. 2015) (Shotgun pleadings fail to give Defendant's adequate notice of the claims against them or the grounds upon which each claims rests). The Eleventh Circuit has held that a defendant faced with a "shotgun" pleading should move for a more definite statement

or the court, acting on its own initiative, should order a repleader to avoid having to weed

through the entire complaint and disregard as extraneous all the allegations that have no bearing

on the claim. *Ledford v. Peeples*, 657 F.3d 1222 (11th Cir. 2011), *Anderson*, 77 F.3d 364, 366

(11th Cir. 1996), *Weiland*, 792 F.3d 1313, 1320-1325 (11th Cir. 2015). ("'Shotgun' pleadings are

cumbersome, confusing complaints that do not comply with the pleading requirements").  Max

Defendants maintain that this Court should do the same.

GEICO's response avoids any discussion of its obvious failure to comply with Fed. R.

Civ. P. 9(b), which requires that allegations of fraud be plead with specificity.  *Cooper v. Blue*

*Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562 (11th Cir. 1994). Mere conclusory

allegations of fraud are insufficient: a complaint must allege the details of the fraudulent acts,

when they occurred, and who engaged in them.  *Id*. at 568. (emphasis added). This Circuit has

also "endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards." *U.S. ex rel*

*Clausen v. Laboratory Corp. of America, Inc.*, (11th Cir. 2002) (conclusory statements failed to

meet the minimum pleading standards of demonstrating fraudulent conduct and warranted

dismissal as to each defendant). As discussed in its motion, defendants illustrate that GEICO's

complaint contains nothing more than generalized, conclusory allegations that "the Doctor Max

Defendants intentionally and knowingly made false and fraudulent statements of material fact"

and "concealed material facts from GEICO in the course of submitting, or causing to be

submitted, thousands of fraudulent charges through Doctor Max" for allegedly fraudulent

services.  Compl. ¶589.  These generalized allegations come nowhere near the necessary

pleading requirement that would allow each defendant to know what they have allegedly done

wrong.  As to the individual Max Defendants, other than allegations that they provided medical

services, plaintiffs' complaint fails to set forth any specific facts outlining the existence of any

representations made by these individuals, false or otherwise. See, *Kramer v. Unitas*, 831 F.2d 994 (11th Cir. 1987). ("plaintiffs failed to show that Unitas and Drury made any representations, false or otherwise"). (emphasis added).  As to the Max Defendants, GEICO's complaint fails as a matter of law. Additionally, Plaintiffs' allegations fall woefully short of the "specificity" requirements set forth in Fed. R. Civ. P. 9(b). *Cooper*, 19 F.3d 562, 568 (11th Cir. 1994). (Conclusory allegations of fraud that do not allege the details of the fraudulent acts, when they occurred, and who engaged in them are insufficient).  *Id.* at 568.  For these reasons, defendants respectfully request that this Court dismiss Plaintiff's common law fraud count.

### E.  CLAIMS FOR UNJUST ENRICHMENT AGAINST DOCTOR MAX MEDICAL CENTER CORP.

GEICO's response does not refute the fact that Florida law requires a party seeking to plead a cause of action for unjust enrichment to prove that: a) a benefit must pass directly from the plaintiff to defendant and b) to demonstrate that there is no available legal remedy at law. *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329 (11th Cir. 2012), *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913 (S.D. Fla. 2013). (citing *Bowleg v. Bowe*, 502 So.2d 71 (Fla. 3rd DCA  1987). GEICO's complaint makes no allegations that benefits passed directly to any of the Max Defendants.  Aside from allegations that the individual Max Defendants were employees of Doctor Max and Wellness Healthcare and provided medical treatment, GEICO's complaint does not set forth any substantive allegations.

GEICO attempts to divert attention from its complete failure to set forth any allegations establishing the non-existence of an adequate legal remedy, a "black letter" requirement for unjust enrichment under Florida Law.  *Kunzelmann v. Wells Fargo Bank, N.A.,* 2013 WL 139913 (S.D. Fla. 2013). (citing *Bowleg v. Bowe*, 502 So.2d 71 (Fla. 3rd DCA  1987).

It is obviously impossible for GEICO to meet this requirement. Florida's No-Fault statute specifically provides the exact legal remedy by creating a private right of action to recover damages for the conduct alleged. *See* Fla. Stat. §627.736 (12). Since Florida law provides an available remedy for this exact conduct, plaintiffs will never be able to ever show that no other available remedies exist to recover alleged unlawful no-fault payments. GEICO's arguments are unavailing.  The case that it cites to, *Allstate v. Vizcay*, 826 F.3d 1326 (11th Cir. 2016), contains no analysis regarding the issue of the unjust enrichment cause of action that was pled, no discussion as to the lack of an adequate legal remedy. Secondly, while GEICO can plead in the alternative, they haven't complied with Fed. R. Civ. P. 8 in that their complaint does not indicate any "alternative" causes of action.

## II.     ALTERNATIVELY, GEICO'S SHOULD BE ORDERED TO FILE A MORE DEFINITE STATEMENT

First, the Max Defendants concede their failure to comply with Local Rule 7.1(a)(3) which requires a party contemplating a motion for a more definite statement to make a reasonable effort to confer with the opposing party prior to the filing of the motion. This was not done so in bad faith, but was merely overlooked as the alternative motion was filed simultaneously with the motion to dismiss (for which Local Rule 7.1(a)(3) does not apply)[1]. Additionally, the "denial of a motion for failure to comply with Local Rule 7.1(a)(3) is discretionary." *Mansour v. Mansour*, No. 17-24206-CIV, 2020 U.S. Dist. LEXIS 4760 (S.D. Fla. Jan. 8, 2020); *See also Stiles Corn, v. Mt. Hawley Ins. Co.*, No. 12-CV-62045, 2013 WL 12086270, at *3 (S.D. Fla. Nov. 5, 2013) ("However, even where a violation of Local Rule 7.1 occurs, 'the Court enjoys discretion to decide whether to deny the motion because of the

---

[1] Indeed, before filing the motion, undersigned counsel did speak generally with Plaintiff's counsel though not formally as a "meet and confer."

violation.") (quoting Alequin v. Darden Restaurants. Inc., No. 12-CV-61742, 2013 U.S. Dist. LEXIS 99458, 2013 WL 3939373, at *9 (S.D. Fla. July 12, 2013)). Here, there was no intention to ignore discussing the parties position before filing the motion.

GEICO cites to *Government Employees Ins. Co., et al. v. Alternative Medical Center of Florida, Inc. et al.*, S.D. Fla Case No. 1:17-cv-21375-RNS, at Docket No. 17, pp. 2-3, where a motion for more definite statement was denied because the defendant admitted that their motion contained irrelevant or extraneous matters and failed to comply with Local Rule 7.1(a)(3) . The court noted that the defendant in that case did not acknowledge the lapse or ask the court to excuse the misstep and instead criticized the plaintiff for not conferring before filing its response. *Id*. This is not the case here, as explained in the Motion to Dismiss, and below, Max Defendants alternative motion for a more definite statement has merit. Moreover, Max Defendants, respectfully and humbly requests this Court to excuse the procedural misstep.

Second, GEICO relies on two recent decisions from district courts within the 11th Circuit that denied motions for a more definite statement. GEICO posits that because those motions were denied, this Court should also deny this motion. However, when citing specifically to *Gov't Emples. Ins. Co. v. Beneficia Health Ctr., Corp.*, 2017 U.S. Dist. LEXIS 66542 (S.D. Fla. 2017) in their response, GEICO failed to explain what the motion for a more definite statement actually was based on. Although that motion was denied, the motion itself *only* requested a more definite statement from GEICO to specify the specific fraudulent claims/charges as well as to identify the individual patients associated with each claim. As to *those specific requests*, Judge Moreno denied the defendant's motion for more definite statement.

Contrary to the motion for more definite statement in *Beneficia*, upon which GEICO *heavily* relies in their response in opposition, the Max Defendants have requested a more definite statement as to ***many*** deficiencies in GEICO's complaint. As stated in the Max Defendant's Motion to Dismiss and in this Reply, as to the GEICO's declaratory judgment count, GEICO'S failed to meet the "black letter" pleading requirement of demonstrating a *real* and *immediate* threat of *future* harm, as articulated in binding precedent from the Eleventh Circuit. As to GEICO's RICO counts, GEICO's vague, conclusory response fails to reference a *single paragraph* in its 215 page complaint that sets forth what specific "decisions" were made by the Max Defendants. Additionally, as to GEICO's common law fraud counts, (1) GEICO failed to attach a single medical bill or specify which of the thousands of charges they attached as exhibits, are being challenged as allegedly fraudulent, and (2) fails to set forth any specific facts outlining the existence of any representations made by the individual Max Defendants, whether false or otherwise.

The Max Defendant's alternative motion for a more definite statement aims at deficiencies in the complaint which were not at issue in *Beneficia*.

### III.    CONCLUSION

GEICO's complaint should be dismissed. Plaintiff's arguments fail and the Max Defendant's motion to dismiss should be granted.

**WHEREFORE,** Defendants hereby respectfully request that this Honorable Court dismiss GEICO's complaint for failure to state a cause action for which relief can be granted. Alternatively, the Defendants respectfully request that this Court order GEICO to provide a more definite statement or require that plaintiffs' replead the action for the aforementioned reasons.

Respectfully submitted,

s/ Richard Diaz

_____

Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served on all parties via electronic mail this 30th day of June, 2020.

s/ Richard Diaz
By: _____
Richard J. Diaz, Esq.