UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
et al,

    Defendants.

_____/

REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") motion for final default judgment against Defendants Lesyani Martinez ("Martinez"), Health and Wellness Services, Inc. ("Health and Wellness"), Andrelvis Perez ("Perez"), Restorative Therapy Center, Inc. ("Restorative Therapy"), Mayulys M. Gallo ("Gallo"), Global Care Services, Inc. ("Global Care"), Silvio Michel Mestre Dreke ("Dreke"), and Mario Lopez ("Lopez") (collectively, "Defaulting Defendants"). [D.E. 64]. No response was filed in opposition and the time to do so has now passed. Therefore, Plaintiffs' motion is now

1

ripe for disposition. After careful consideration of the motion and the record presented, Plaintiffs' motion for final default judgment against Defaulting Defendants should be GRANTED.[1]

## I. BACKGROUND

GEICO commenced this action on April 13, 2020 against Defaulting Defendants and their co-Defendants. [D.E. 1]. GEICO, a group of insurance companies, alleges that Defaulting Defendants submitted fraudulent no-fault ("PIP") insurance billing to GEICO. This PIP billing allegedly falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws. However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defaulting Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defaulting Defendants falsely represented that the services had been performed under the direct supervision of a licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

---

[1] On September 23, 2020, the Honorable Kathleen M. Williams referred Plaintiffs' motion to the Undersigned for disposition. [D.E. 68].

2

As a result, GEICO seeks final default judgment against Defaulting Defendants with respect to:

(i) the First Cause of Action against Health and Wellness, Restorative Therapy, and Global Care (collectively, "Defaulting Clinic Defendants") for a declaratory judgment;

(ii) the Fourth Cause of Action against Martinez, the Sixteenth Cause of Action against Health and Wellness and Perez ("Health and Wellness Defendants"), the Twenty-Eighth Cause of Action against Restorative Therapy and Gallo ("Restorative Therapy Defendants"), and the Thirty-Fourth Cause of Action against Global Care, Dreke, and Lopez ("Global Care Defendants") for violation of the FDUTPA for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201 et. seq.;

(iii) the Sixth Cause of Action against Martinez, the Eighteenth Cause of Action against Health and Wellness Defendants, the Thirtieth Cause of Action against Restorative Therapy Defendants, and the Thirty-Sixth Cause of Action against Global Care Defendants for common law fraud; and

(iv) the Seventh Cause of Action against Martinez, the Nineteenth Cause of Action against Health and Wellness, the Thirty-First Cause of Action against Restorative Therapy Defendants, and the Thirty-Seventh Cause of Action against Global Care Defendants for unjust enrichment.

On July 29, 2020, after Defaulting Defendants failed to appear or otherwise answer the complaint, the Court directed the clerk of the court to enter default against Defaulting Defendants and Plaintiffs to file a motion for entry of final default judgment against Defaulting Defendants on or before September 18, 2020. [D.E. 47]. The clerk entered such default the next day. [D.E. 50]. On September 18, 2020, Plaintiffs filed this motion for final default judgment. [D.E. 64].

## II.     APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. See Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). See United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. See

4

Nishimatsu, 515 F.2d at 1206; see also PetMed Express, Inc. v. MedPets.com, Inc., 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. See Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. See SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Tara Productions, Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III.   ANALYSIS

#### A.   Declaratory Judgment

GEICO seeks declaratory judgment against Defaulting Clinic Defendants for their alleged collection of PIP benefits in violation of the Florida Health Care Clinic Act ("Clinic Act"), Fla. Stat. § 400.990 et seq. GEICO specifically alleges that Defaulting Clinic Defendants falsely represented that they were operating in compliance with the licensing requirements set forth in the Clinic Act and were therefore eligible to collect PIP insurance benefits. But, according to GEICO, Defaulting Clinic Defendants were not operating in compliance with the Clinic Act and not eligible to receive PIP insurance benefits. This is because they did not have

legitimate medical directors who fulfilled their statutory duties as medical directors, including the obligation to systematically review clinic billing to ensure that it was not fraudulent or unlawful, and to ensure that everyone performing healthcare services at the clinics was properly licensed.

A plaintiff-insurer may obtain a declaratory judgment that is not required to pay outstanding PIP bills that originated while a clinic was in violation of the Clinic Act. See Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1330 (11th Cir. 2016) (citing State Farm Fire & Casualty Co. v. Silver Star Health & Rehab, 739 F.3d 579, 584 (11th Cir. 2013)). Such declaratory relief is appropriate in a default judgment. See State Farm Mut. Auto. Ins. Co. v. Miami Med. Care Ctr., Inc., 2016 WL 6962872, at *5 (S.D. Fla. Nov. 29, 2016); see also Gov't Employees Ins. Co. v. Quality Diagnostic Health Care Inc.,, 2019 WL 11687706, at *8 (S.D. Fla. Dec. 20, 2019), judgment entered, 2020 WL 8361916 (S.D. Fla. Dec. 1, 2020) (granting summary judgment in favor of GEICO because a clinics billing charges were "upcoded" for services not actually provided).

Defaulting Clinic Defendants are allegedly actively pursuing collection of PIP billing to GEICO that has not been paid. There is thus an actual case and controversy between the parties. Accepting all well-pleaded allegations as true, the services billed to GEICO were not lawful nor lawfully provided.

Accordingly, the Court should declare that Plaintiffs are not obligated to pay any of the amounts submitted by Defaulting Clinic Defendants which have not been paid because of Defaulting Clinic Defendants alleged fraudulent and unlawful

6

activity.

B.  FDUTPA Claims

To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc., 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA." Id. (internal quotations and citations omitted). Therefore, a plaintiff-insurer may recover damages under FDUTPA based on evidence that a defendant misrepresented a healthcare clinic's compliance with the Clinic Act. See State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C., 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014).

For this case, GEICO has sufficiently alleged facts that show Defaulting Defendants engaged in a deceptive act in violation of FDUPTA by misleading GEICO into believing that it had an obligation to pay Defaulting Clinic Defendants' bills for PIP benefits. GEICO suffered actual damages as a result of this conduct because GEICO paid many of Defaulting Clinic Defendants' bills for PIP benefits in reliance on the allegedly fraudulent claims. GEICO has therefore shown its entitlement to default judgment on its FDUTPA claims.

C.  Common Law Fraud Claims

To establish common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time of the

7

misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury." MeterLogic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000).

The well-pleaded facts in the complaint—admitted as the result of Defaulting Defendants' defaults—establish that Defaulting Defendants submitted bills to GEICO containing fraudulent misrepresentations. Further, by defaulting, Defaulting Defendants had scienter and GEICO had justifiable reliance. And because GEICO suffered damages as a result of GEICO's reliance on Defaulting Defendants' misrepresentations, GEICO should be entitled to default judgment on its common law fraud claims.

D. Unjust Enrichment Claims

To state a claim for unjust enrichment, a plaintiff must allege "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." State Farm Mut. Auto. Ins. Co. v. A & J Med. Cntr., Inc., 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (citing Alvarez v. Royal Caribbean Cruises, Ltd., 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

GEICO has pled that Defaulting Defendants received payment from GEICO as a result of their submission of bills for PIP benefits in violation of the Clinic Act. As

8

a result, GEICO should be entitled to default judgment on its unjust enrichment claims.

### E. Damages & Prejudgment Interest

Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." SEB S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985)). The prejudgment interest rate is set quarterly by the Chief Financial Officer of Florida. See Fla. Stat. §§ 687.01 and 55.03. The prejudgment interest rate is the rate effective at the time of entitlement. See TracFone Wireless, Inc. v. Hernandez, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016).

Having found that Defaulting Defendants should be liable, GEICO should be entitled to damages and prejudgment interest against all Defaulting Defendants on GEICO's FDUTPA, common law fraud, and unjust enrichment causes of action. To support this requested relief, GEICO has submitted a detailed declaration that calculates the precise damages and prejudgment interest sought against each Defaulting Defendant.

#### (i) Health and Wellness Defendants

GEICO seeks $1,523,260.97 in total damages against Health and Wellness Defendants, which represents $1,509,748.72 in damages for voluntary payments by GEICO to Health and Wellness Defendants plus $13,512.25 in prejudgment interest. Because GEICO provides a detailed declaration supporting this calculation using

9

various quarterly rates set by Florida's Chief Financial Officer, GEICO should be entitled to this total damage amount against Health and Wellness Defendants. [D.E. 64, Ex. 2].

### (ii) Restorative Therapy Defendants

GEICO seeks $1,095,789.00 in total damages against Restorative Therapy Defendants, which represents $1,016,572.57 in damages for voluntary payments by GEICO to Restorative Therapy Defendants plus $79,216.43 in prejudgment interest. Because GEICO provides a detailed declaration supporting this calculation using various quarterly rates set by Florida's Chief Financial Officer, GEICO should be entitled to this total damage amount against Restorative Therapy Defendants.

### (iii) Global Care Defendants

GEICO seeks $456,324.48 in total damages against Global Care Defendants, which represents $444,457.48 in damages for voluntary payments by GEICO to Global Care Defendants plus $11,867.00 in prejudgment interest. Because GEICO provides a detailed declaration supporting this calculation using various quarterly rates set by Florida's Chief Financial Officer, GEICO should be entitled to this total damage amount against Global Care Defendants.

### (iv) Martinez

Last, GEICO seeks $780.053.33 in total damages against Martinez, which represents $759,767.55 in damages for voluntary payments by GEICO to Defendant Fernandez Medical Services, Inc. ("Fernandez Medical") plus $20,285.78 in

prejudgment interest. Because GEICO provides a detailed declaration supporting this calculation using various quarterly rates set by Florida's Chief Financial Officer, and Martinez allegedly caused the submission of the alleged fraudulent billing through Fernandez Medical to GEICO, GEICO should be entitled to this total damage amount against Martinez.

In sum, Plaintiffs' motion for final default judgment should be GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final default judgment against Defaulting Defendants [D.E. 64] should be GRANTED as follows:

1. Health and Wellness has no right to receive payment for any pending bills submitted to GEICO;

2. Restorative Therapy has no right to receive payment for any pending bills submitted to GEICO;

3. Global Care has no right to receive payment for any pending bills submitted to GEICO;

4. A total award against Health and Wellness Defendants, jointly and severally, of $1,523,260.97, of which $1,509,748.72 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

5. A total award against Restorative Therapy Defendants, jointly and severally, of $1,095,789.00, of which $1,016,572.57 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

6. A total award against Global Care Defendants, jointly and severally, of $456,324.48, of which $444,457.48 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid; and

7. A total award against Martinez of $780,053.33, of which $759,767.55 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; see, e.g., Patton v. Rowell, 2017 WL 443634 (11th Cir. Feb. 2, 2017); Cooley v. Comm'r of Soc. Sec., 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

DONE AND SUBMITTED in Chambers at Miami, Florida this 26th day of February, 2021.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge