UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") motion for final default judgment against Defendants Jorge Simon Roque, L.M.T. ("Roque"), Randy Diaz ("Diaz"), and Sergio Castellanos ("Castellanos") (and together with only Diaz, "Defaulting Defendants"). [D.E. 130]. Roque moved to set aside the default [131], which the Court Granted and correspondingly already Denied this motion in part only as to Roque [D.E. 138]. The remaining Defaulting Defendants identified in this motion failed to file a response in opposition to the motion and the time to do so has now passed.

1

Therefore, Plaintiffs' motion against Defaulting Defendants is now ripe for disposition.  After careful consideration of the motion and the record presented, Plaintiffs' motion for final default judgment against Defaulting Defendants should be **GRANTED**.[1]

## I.   BACKGROUND

GEICO commenced this action on April 13, 2020 against Defaulting Defendants and their co-Defendants.  [D.E. 1].  GEICO, a group of insurance companies, alleges that Defaulting Defendants submitted fraudulent no-fault ("PIP") insurance billing to GEICO.  The complaint specifically alleges that Defaulting Defendants submitted their fraudulent PIP billing through a purported Florida healthcare clinic called Restorative Therapy Center, Inc. ("Restorative Therapy"). This PIP billing allegedly falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws.  However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defaulting Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defaulting Defendants falsely represented that the services had been performed under the direct supervision of a

---

[1]   On November 4, 2021, the Honorable Kathleen M. Williams referred Plaintiffs' motion to the Undersigned for disposition.   [D.E. 178].

2

licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

Defaulting Defendants made an appearance in the case but their shared counsel withdrew on April 20, 2021. The Court Ordered them to obtain new counsel by May 7, 2021 or defend the action on a pro se basis and warned that a failure to comply could result in default. [D.E. 102]. After Defaulting Defendants failed to comply with the Order, the Court directed the clerk of the court to enter default against Defaulting Defendants and Plaintiffs to file a motion for entry of final default judgment against Defaulting Defendants on or before August 16, 2021. [D.E. 123]. The clerk entered such default the next day. [D.E. 125]. On August 11, 2021, Plaintiffs filed this motion for final default judgment. [D.E. 130]. GEICO seeks final default judgment against Defaulting Defendants with respect to:

    (i)    the Twenty-Eighth Cause of Action for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201 *et. seq.*;

    (ii)    the Thirtieth Cause of Action for common law fraud; and

    (iii)    the Thirty-First Cause of Action for unjust enrichment.

## II.    APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed.

3

R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing

4

the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III. ANALYSIS

#### A. *FDUTPA Claims*

To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." S*tate Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc.*, 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA." *Id.* (internal quotations and citations omitted). Therefore, a plaintiff-insurer may recover damages under FDUTPA based on evidence that a defendant misrepresented a healthcare clinic's compliance with the Florida Health Care Clinic Act (the "Clinic Act", Fla. Stat. § 400.990 et seq.). *See State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014).

For this case, GEICO has sufficiently alleged facts that show Defaulting Defendants engaged in a deceptive act in violation of FDUPTA by misleading GEICO

into believing that it had an obligation to pay Restorative Therapy's bills for PIP benefits even though it was in violation of the Clinic Act. GEICO suffered actual damages as a result of this conduct because GEICO paid many of Restorative Therapy's bills for PIP benefits in reliance on the allegedly fraudulent claims. GEICO has therefore shown its entitlement to default judgment on its FDUTPA claims.

### B.    *Common Law Fraud Claims*

To establish common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time of the misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury." *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000).

The well-pleaded facts in the complaint—admitted as the result of Defaulting Defendants' defaults—establish that Defaulting Defendants submitted bills to GEICO containing fraudulent misrepresentations. Further, by defaulting, Defaulting Defendants had scienter and GEICO had justifiable reliance. And because GEICO suffered damages as a result of GEICO's reliance on Defaulting Defendants' misrepresentations, GEICO should be entitled to default judgment on its common law fraud claims.

### C. *Unjust Enrichment Claims*

To state a claim for unjust enrichment, a plaintiff must allege "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." *State Farm Mut. Auto. Ins. Co. v. A & J Med. Cntr., Inc.*, 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (citing *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

GEICO has pled that Defaulting Defendants received payment from GEICO as a result of their submission of bills for PIP benefits in violation of the Clinic Act. As a result, GEICO should be entitled to default judgment on its unjust enrichment claims.

### D. *Damages & Prejudgment Interest*

Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). The prejudgment interest rate is set quarterly by the Chief Financial Officer of Florida. *See* Fla. Stat. §§ 687.01 and 55.03. The prejudgment interest rate is the rate effective at the time of entitlement. S*ee TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016).

Having found that Defaulting Defendants should be liable, GEICO should be entitled to damages and prejudgment interest against Defaulting Defendants on GEICO's FDUTPA, common law fraud, and unjust enrichment causes of action. GEICO seeks $1,016,572.57 in total damages, jointly and severally, against Diaz and Castellanos.[2] This amount is supported by a sworn declaration by the Director of Claims of GEICO. As such, Plaintiffs' motion for final default judgment against Diaz and Castellanos should be **GRANTED.**

## IV. *CONCLUSION*

For the foregoing reasons, Plaintiffs' motion for final default judgment against Diaz and Castellanos [D.E. 130] should be **GRANTED** with a total award in favor of Plaintiffs, against Diaz and Castellanos, jointly and severally, in the amount of $1,016,572.57 plus post-judgment interest at the statutory rate from the date of the final judgment, for which sum let execution issue.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from

---

2 The motion also sought prejudgment interest under Florida law, but the amounts provided to the Court did not include a breakdown of damages over periods of time, which would be necessary for a prejudgment interest calculation. Given that only a final total amount is claimed, interest should be awarded but only from the date of entry of the final judgment.

challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 21th day of January, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge