## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

      Defendants.

_____/

### REPORT AND RECOMMENDATION
### ON PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") motion for final default judgment against Defendant Jose DeJesus Gomez-Cortes ("Defaulting Defendant"). [D.E. 179]. Defaulting Defendant failed to file a response in opposition and the time to do so has now passed. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiffs' motion for final default judgment against Defaulting Defendant should be **GRANTED**.[1]

_____

[1]    On November 10, 2021, the Honorable Kathleen M. Williams referred

## I.   BACKGROUND

GEICO commenced this action on April 13, 2020 against Defaulting Defendant and his co-Defendants.   [D.E. 1].   GEICO, a group of insurance companies, alleges that Defaulting Defendant submitted fraudulent no-fault ("PIP") insurance billing to GEICO.   The complaint specifically alleges that Defaulting Defendant falsely purported to serve as medical director at Fernandez Medical Services Inc. f/k/a Pacific Health Rehabilitation, Inc. ("Fernandez Medical"), Pain Relief Clinic of Homestead Corp. ("Pain Relief Clinic"), Wellness Healthcare Clinic Corp. ("Wellness Healthcare"), and Palmetto Health Medical Center Corp. ("Palmetto Health"), and purported to provide medically unnecessary, illusory, unlawful, and otherwise non-reimbursable health care services, including putative initial examinations, follow up examinations, and physical therapy services (collectively, the "Fraudulent Services"), at Fernandez Medical, Pain Relief Clinic, Wellness Healthcare, and Palmetto Health, Health and Wellness Services Inc. ("Health and Wellness"), Restorative Therapy Center Inc. ("Restorative Therapy"), Global Care Services Inc. ("Global Care"), and Doctor Max Medical Center Corp. ("Doctor Max") (collectively, the "Clinic Defendants").

The PIP billing that Defaulting Defendant submitted or caused to be submitted through the Clinic Defendants to GEICO falsely represented that the clinics complied with the Florida Health Care Clinic Act (the "Clinic Act", Fla. Stat.

_____

Plaintiffs' motion to the Undersigned for disposition.   [D.E. 180].

2

§ 400.990 et seq.).   Further, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defaulting Defendant billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defaulting Defendant falsely represented that the services had been performed under his direct supervision, when in fact they had not; and (iii) the billing for the Fraudulent Services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the services actually had been performed at all.

On March 30, 2021, the Court denied Defaulting Defendant's motion to dismiss, and ordered him to answer the complaint.   [D.E. 98].   After not filing an answer, the Court directed the clerk of the court to enter default against Defaulting Defendant and Plaintiffs to file a motion for entry of final default judgment against him by November 8, 2021.   [D.E. 159].   The clerk entered such default the next day. [D.E. 160].   On November 8, 2021, Plaintiffs filed this motion for final default judgment.   [D.E. 179].   GEICO seeks final default judgment against Defaulting Defendant for twenty-three separate causes of actions that relate to a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201 *et. seq.*; common law fraud; and unjust enrichment.

3

## II.   APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment.   First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default.   *See* Fed. R. Civ. P. 55(a).   Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person.   Fed. R. Civ. P. 55(b)(2).   "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established."   *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b).   *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)).   "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).   If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that

4

amount.   *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested.   *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).   Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place.   *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## III.   ANALYSIS

### A.   *FDUTPA Claims*

To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages."   *State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc.*, 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA."   *Id.* (internal quotations and citations omitted). Therefore, a plaintiff-insurer may recover damages under FDUTPA based on evidence that a defendant misrepresented a healthcare clinic's compliance with the Florida Health Care Clinic Act (the "Clinic Act", Fla. Stat. § 400.990 et seq.).   *See*

*State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014).

For this case, GEICO has sufficiently alleged facts that show Defaulting Defendant engaged in a deceptive act in violation of FDUPTA by misleading GEICO into believing that it had an obligation to pay the Clinic Defendant's bills for PIP benefits even though they were in violation of the Clinic Act. GEICO suffered actual damages as a result of this conduct because GEICO paid many of the Clinic Defendant's bills for PIP benefits in reliance on the allegedly fraudulent claims. GEICO has therefore shown its entitlement to default judgment on its FDUTPA claims.

### B. *Common Law Fraud Claims*

To establish common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time of the misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury." *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000).

The well-pleaded facts in the complaint—admitted as the result of Defaulting Defendant's default—establish that Defaulting Defendant submitted bills to GEICO containing fraudulent misrepresentations. Further, by defaulting, Defaulting Defendant had scienter and GEICO had justifiable reliance. And because GEICO

6

suffered damages as a result of GEICO's reliance on Defaulting Defendant's misrepresentations, GEICO should be entitled to default judgment on its common law fraud claims.

### C.   *Unjust Enrichment Claims*

To state a claim for unjust enrichment, a plaintiff must allege "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." *State Farm Mut. Auto. Ins. Co. v. A & J Med. Cntr., Inc.*, 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (citing *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

GEICO has pled that Defaulting Defendant received payment from GEICO as a result of his submission or him causing the submission of bills for PIP benefits in violation of the Clinic Act.   As a result, GEICO should be entitled to default judgment on its unjust enrichment claims.

### D.   *Damages & Prejudgment Interest*

Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)).   The prejudgment interest rate is set quarterly by the Chief Financial Officer of Florida. *See* Fla. Stat. §§ 687.01 and 55.03.   The prejudgment interest rate is the rate

effective at the time of entitlement.   S*ee TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016).

Having found that Defaulting Defendant should be liable, GEICO should be entitled to damages and prejudgment interest against Defaulting Defendant on each of GEICO's FDUTPA, common law fraud, and unjust enrichment causes of action. GEICO argues that Defaulting Defendant should be jointly and severally liable for GEICO's damages resulting from each of the Clinic Defendants' fraudulent PIP billing to GEICO.   Because the complaint alleges that Defaulting Defendant acted together with the Clinic Defendants to submit the fraudulent PIP billing, we agree that they are jointly and severally liable.   *See Government Employees Ins. Co. v. A & C Medical Center Servs. Corp.*, S.D. Fla. Case No. 1:18-cv-24198-JEM, at ECF No. 181 (granting default judgment and imposing joint and several liability on fraud, unjust enrichment, and FDUTPA claims, where defendants acted together to submit fraudulent PIP billing).

The damages owed to GEICO include:

(i)     $1,592,483.03 through Health and Wellness;

(ii)    $1,183,481.53 through Doctor Max;

(iii)   $714,869.57 through Palmetto Health;

(iv)    $1,081,061.92 through Pain Relief Clinic;

(v)     $948,144.07 through Wellness Healthcare;

(vi)    $769,295.40 through Fernandez Medical;

(vii)   $444,457.48   through   Global   Care;   and   $1,016,572.57   through
Restorative Therapy (collectively, the "Damages").[2]

These amounts are supported by a sworn declaration submitted by the Director
of Claims of GEICO.   As such, Plaintiffs' motion for final default judgment against
Defaulting Defendant should be **GRANTED.**

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final default judgment against
Defaulting Defendant [D.E. 179] should be **GRANTED**.   Final Judgment should be
entered in favor of Plaintiffs, against Defendant Jose DeJesus Gomez-Cortes, M.D.,
for damages in the amount of $7,750,365.57, plus post-judgment interest at the
current statutory rate, for which sum let execution issue.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have
fourteen (14) days from service of this Report and Recommendation within which to
file written objections, if any, with the District Judge.   Failure to timely file
objections shall bar the parties from *de novo* determination by the District Judge of
any factual or legal issue covered in the Report *and* shall bar the parties from
challenging on appeal the District Judge's Order based on any unobjected-to factual

---

[2] The motion also sought prejudgment interest under Florida law, but the amounts
provided to the Court did not include a breakdown of damages over periods of time,
which would be necessary for a prejudgment interest calculation.   Given that only a
final total amount is claimed, interest should be awarded but only from the date of
entry of the final judgment.

or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida this 20th day of January, 2022.

                                        /s/ *Edwin G. Torres*
                                        EDWIN G. TORRES
                                        United States Magistrate Judge