UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

    Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

This matter is before the Court on Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") motion to strike answer and for entry of default judgment against Defendants Pain Relief Clinic of Homestead Corp. ("Pain Relief Clinic") and Daniel Collazo Lopez ("Collazo") (collectively "Defendants"). [D.E. 195]. Defendants failed to file a response in opposition and the time to do so has now elapsed. Therefore, Plaintiffs' motion is now ripe for disposition.[1] After careful consideration of the motion and the record presented, Plaintiffs' motion for

---

[1] On January 18, 2022, the Honorable Kathleen M. Williams referred Plaintiffs' motion to the Undersigned Magistrate Judge for disposition. [D.E. 201].

sanctions and default judgment against Defendants is **GRANTED**.

## I. BACKGROUND

GEICO commenced this action on April 13, 2020 against Defendants and their co-Defendants. [D.E. 1]. GEICO, a group of insurance companies, alleges that Collazo submitted fraudulent no-fault ("PIP") insurance billing to GEICO. The complaint specifically alleges that Collazo submitted the fraudulent PIP billing through his Florida healthcare clinic Pain Relief Clinic. This PIP billing allegedly falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws. However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defendants falsely represented that the services had been performed under the direct supervision licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

Although Defendants answered the Complaint on May 3, 2021, [D.E. 111], they have failed to defend this action thereafter. Plaintiffs allege that Defendants failed to appear for their depositions and have violated multiple Court Orders in the process. [D.E. 195, p. 2]. Accordingly, Plaintiffs now move the Court to strike

Defendants' answer and for entry of default judgment pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure.

## II. APPLICABLE PRINCIPLES AND LAW

The Federal Rules of Civil Procedure provide the Court with the authority to impose a variety of sanctions on a party who fails to comply with a discovery order. See Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court may impose one or more of the following sanctions:

(i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) Striking pleadings in whole or in part;

(iv) Staying further proceedings until the order is obeyed;

(v) Dismissing the action or proceeding in whole or in part;

(vi) Rendering a default judgment against the disobedient party;

(vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (citation omitted). The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

However, "in fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Wallace v. Superclubs Props., Ltd.*, 2009 WL

2461775, at *5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations omitted). The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective) (citation and quotations omitted); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances.") (citations omitted). Further, dismissing the action or rendering a default judgment pursuant to Rule 37(b) is justified only if a party willfully or in bad faith failed to obey a court order. *See id.* (discussing the sanction of dismissal) (citation omitted); *Fountain v. U.S.*, 725 F. App'x 891, 893 (11th Cir. 2018) (discussing the sanction of dismissal and noting that a party's disregard of responsibilities also justifies dismissal) (citation omitted); *Maus v. Ennis*, 513 F. App'x. 872, 878 (11th Cir. 2013) (discussing the sanction of default judgment) (citation omitted). A dismissal or default judgment is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply. *See 32%2C Scorpion Go-Gast Vessel*, 339 F. App'x at 905 (discussing the sanction of dismissal) (citation omitted).

In addition, Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's

4

default.  *See* Fed. R. Civ. P. 55(a).  Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person.  Fed. R. Civ. P. 55(b)(2).  "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established."  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

### III.   ANALYSIS

Plaintiffs request Rule 37 sanctions and entry of default judgment on Defendants for their failure to defend this action and their violation of multiple Court Orders.  Specifically, Plaintiffs allege that Defendants have twice failed to appear for their depositions in this case, including on a date set by Court Order.

The Defendants initially agreed to appear for a deposition on October 14, 2021. However, on October 8, 2021, Defendants' counsel, Christian Carrazana, Esq., informed Plaintiffs of his intent to file a motion to withdraw as counsel for Defendants.  Plaintiffs indicated that they would consent, but informed Mr. Carrazana that they intended to proceed with the Defendants' depositions on October 14, 2021, should the motion to withdraw not be decided by then. Mr. Carrazana did not move to withdraw until November 30, 2021, and the Defendants did not appear at their October 14, 2021, depositions.  Thereafter, Plaintiffs requested a discovery hearing seeking Rule 37 sanctions and an order compelling Defendants to appear for their depositions.  *See* [D.E. 164 and 165].

The Court held a discovery hearing on December 2, 2021, and entered an Order compelling Defendants to appear for depositions to be held on December 20, 2021. [D.E 186]. The Order also warned Defendants that additional violations of the Court's directives could subject them more severe sanctions:

> Defendants' failure to comply with this Order may result in further sanctions under Rule 37(b) of the Federal Rules, which can include further monetary sanctions, fines, or even entry of default judgment against Defendants on all claims and for all damages sought in the pending complaint. Defendants' failure to comply may also result in their being found in contempt of court, which finding may result in the entry of any Order necessary for the enforcement of the Court's jurisdiction to coerce compliance.

*Id.* at ¶ 5. The Court also granted Mr. Carrazana's motion to withdraw that same day, ordering Defendants to retain new counsel by December 16, 2021,[2] and explaining that "[f]ailure to retain substitute counsel for the corporate entity Defendant, or failure to file the notice of intention to defend the case on a pro se basis by the individual Defendant, may be deemed a waiver of the right to defend the action and result in entry of default judgment(s)." [D.E. 187].

Contrary to the Court's Orders, Defendants never retained new counsel, and Mr. Collazo never informed the Court of his intention to proceed with his defense on a pro se basis. Further, as prescribed by the December 2, 2021, Order, Plaintiff's' counsel shared with Mr. Carranza the link to Defendants' virtual depositions taking

---

[2] "Counsel is also DIRECTED to advise the corporate entity that substitute counsel must be retained or otherwise the corporate entity will be subject to default, as per Federal law that requires that a corporation cannot appear pro se[.]" [D.E. 187] (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985)).

place on December 20, 2021, but Defendants did not appear, nor did they provide any justification to Plaintiff for their absence. [D.E. 195-1, ¶¶ 5-7].

Defendants' willful and unjustified disregard for this Court's Orders makes the sanction of default judgment appropriate here. Not only have Defendants failed to pursue their defense in this action, but they have also failed to comply with this Court's instructions on repeated occasions and without any explanation. *See Pickett v. Exec. Preference Corp.*, 2006 WL 2947844, at *2 (M.D. Fla. Oct. 16, 2006) ("As it is plain that [Defendant] has abandoned its defense and has failed to comply with a Court Order, . . . [the Court will] strike its pleadings, and enter a default against it. Absent any indication that the corporation intends to participate in this case, no lesser sanction will suffice."); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (holding that where defendants made clear that under no circumstances would they comply with the court's order, the only effective remedy was the entry of a default judgment and assessment of damages).

Indeed, lesser sanctions have already proven to be ineffective and anything else under Rule 37 – except for outright dismissal – would be a waste of time when it is evident from the record that Defendants have abandoned their defense of this action and have no intention of ever complying with their discovery obligations, or other requirements pursuant to the Court's Scheduling Order.

To be sure, "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," but the Eleventh Circuit

7

has warned that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314, 1317-18 (11th Cir. 1997). That requirement has been met here because the Court compelled Defendants to appear for their depositions, ordered them to retain new counsel by a certain date (or in lieu of that, notify the Court of an intent to continue pro se), and warned them of the consequences that could follow from violation of the Order. Therefore, while default judgment is an extraordinary remedy, it is not an abuse of discretion if the Court forewarns a party of the consequences and the misconduct occurs anyway. *See, e.g.*, *Fountain*, 725 F. App'x at 893 ("The district court did not abuse its discretion in dismissing Fountain's suit. The court informed her that she must comply with the government's discovery requests, attend any depositions, and answer questions at her deposition. It warned her that failing to cooperate could result in sanctions, including dismissal of her case.") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citing cases)).

Accordingly, Plaintiffs' motion to strike Defendants' answer is GRANTED, Defendants' answer to Plaintiffs' complaint is stricken, and an entry of default is entered against Defendants.

## *IV.* *CONCLUSION*

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiffs' motion for sanctions is GRANTED. Defendants' answer to Plaintiffs' complaint is stricken and an entry of default is entered against Defendants.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 12th day of May, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge