## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS
## AGAINST ATTORNEY STEVEN T. HENESY

This matter is before the Court on Jose Ramon Cabrera, Doctor Max Medical

Center Corp. ("Doctor Max"), Irene Cabrera, Jacqueline Leva, Jorge Simon Roque,

and Pedro Herrera Villafranca's (collectively, "Max Defendants") motion for 30(d)(2)

sanctions against Plaintiffs' attorney Steven T. Henesy. [D.E. 198]. Plaintiffs filed a

timely response on January 21, 2022, [D.E. 221], to which Defendants replied on

February 2, 2022. [D.E. 228]. Therefore, Defendants' motion is now ripe for

disposition.[1] After careful consideration of the motion, the response, the reply, the

attachments to each, the relevant authorities, and for the reasons discussed below,

---

[1] On April 16, 2020, the Honorable Kathleen M. Williams referred all discovery disputes and non-dispositive pretrial motions to the Undersigned Magistrate Judge for disposition. [D.E. 5].

Defendant's motion for sanctions is **GRANTED in part** and **DENIED in part**.

### I.     BACKGROUND

GEICO commenced this action on April 13, 2020, against Defendants and their co-Defendants.  [D.E. 1].  GEICO, a group of insurance companies, alleges that the Max Defendants submitted fraudulent no-fault ("PIP") insurance billing to GEICO.  The complaint specifically alleges that defendants submitted the fraudulent PIP billing through Doctor Max Medical Center Corp., a Florida healthcare facility. This PIP billing allegedly falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws.  However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defendants falsely represented that the services had been performed under the direct supervision licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

On December 15, 2021, Defendants deposed Plaintiffs' expert, Dr. Matthew M. Shatzer.  The deposition was carried out remotely via Zoom, and was conducted by attorneys Richard J. Diaz and Christian Carranza, with attorney Steven Henesy representing the deponent.  Defendants now ask this Court to impose sanctions on

2

Mr. Henesy for his alleged misconduct during the deposition.  Defendants seek a wide array of sanctions, including revocation of Mr. Henesy's pro hac vice status and a two-year pro hac vice ban, monetary sanctions, exclusion of Dr. Shatzer's testimony, an opportunity to re-depose Dr. Shatzer, and an order compelling Mr. Henesy to attend professional ethic classes.  According to Defendants, these sanctions are warranted because, from the very beginning of the deposition, Mr. Henesy attempted to derail the deposition of this critical expert witness by making baseless objections, engaging in speaking objections aimed at coaching the witness, instructing the witness to not answer questions, and causing the deposition to be interrupted on at least three occasions.  [D.E. 189, pp. 3, 6-8].

## II.    APPLICABLE PRINCIPLES AND LAW

The conduct of the deposition at issue here is governed by Federal Rule of Civil Procedure 30 ("Depositions by Oral Examination").  Rule 30 provides, in relevant part, that:

> (2) **Objections**. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).
>
>     . . . .
>
> (d) **Duration; Sanction; Motion to Terminate or Limit**.
>
>     . . . .

(2) *Sanctions*. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30.

### III.   ANALYSIS

Defendants request Rule 30(d) sanctions on Mr. Henesy for his alleged obstructive behavior during the deposition of Dr. Shatzer.  Specifically, Defendants contend that Mr. Henesy made countless baseless objections, engaged in speaking objections aimed at coaching the witness, instructed the witness to not answer certain questions, and caused the deposition to be halted on repeated occasions.  However, based on a review of the entre deposition transcript, as well as the context surrounding Mr. Henesy's objections, Dr. Shatzer's answers, and the interruptions to the deposition, we hold that sanctions are not warranted in this case.

Defendants' motion for sanctions relies to a great extent on the sheer number of objections made by Mr. Henesy during the deposition.  In their motion, Defendants provide a detailed breakdown of Mr. Henesy's abjections, concluding that "Mr. Henesy objected a whopping 194 times in a 170-page deposition transcript." [D.E. 198, p. 13].  Defendants' reliance on the number of objections is misplaced, however, for a thorough review of the deposition transcript reveals that, for the most part, Mr. Henesy's objections had a valid foundation and were concise and nonargumentative.

Defendants' brief provides an extensive selection of excerpts from the deposition transcript that purport to highlight the extent of Mr. Henesy's obstructive

behavior.  *See id*. at 6-10.  This collection of short excerpts, however, leaves out

illuminating context about the questions that preceded each objection, as well as the

full contents of the exchanges between Mr. Diaz and Mr. Henesy—exchanges that at

times left the realm of civility and decency with reprehensive comments and attitudes

coming from both sides.  We cannot, based on a review of this transcript, conclude

that Mr. Henesy alone is at fault for the interruptions that took place, or that his

objection practice was solely aimed at obstructing the deposition of Dr. Shatzer.[2]  *See*

*Bassett v. Wal-Mart Stores E., LP*, No. 18-61984-CIV, 2019 WL 4691873, at *1 (S.D.

Fla. July 29, 2019) (denying sanctions where counsel allegedly made speaking

objections, interrupted the direct examination, and attempted to hand the deponent

records); *Berman v. Kafka*, No. 3:13-CV-1109-J-JBT, 2014 WL 12617001, at *3 (M.D.

Fla. June 19, 2014) (denying sanctions where counsel allegedly disrupted the

deposition by making numerous objections and instructing Defendant not to answer);

*Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 316–17 (N.D. Fla. 2021)

(observing that an objection can be voiced in as few as two or three words, but noting

that in some instances, an objection may require an entire sentence.)

---

[2] As noted above, the transcript shows that, for the most part, Mr. Henesy's objections throughout the deposition were delivered in a concise and nonargumentative format, and reflected good faith attempts to protect his client's interest.  *See e.g.*, [D.E. 198-1, p. 26] (regrading ambiguity with the use of the term "sign up"); *id.*, pp. 34-35, 65-66, 81, 86 (regarding long and dense questions, and questions previously asked and answered); *id.*, pp. 87, 97-98, 114-115 (regarding questions calling for legal conclusions); *id.*, pp. 100-101, 110, 129 (regarding clarification of ambiguous questions).

In fact, a plain reading of the deposition transcript reveals that Dr. Shatzer provided full and complete answers to virtually every single question posed to him by both Mr. Diaz and Mr. Carrazana.  Yet, it is also true that there were indeed some instances of improper speaking objections on the part of Mr. Henesy, as well as reprehensible displays of pettiness and unwillingness to deescalate conflict.  In totality, however, none of this inappropriate conduct was tantamount to a frustration of the purpose of the deposition.  It is clear from the transcript that Mr. Henesy did not impede the fair examination of the deponent, for Dr. Shatzer provided full and complete answers on every single topic, and to virtually every single question asked by Mr. Diaz, including those related to: (i) the drafting of the expert report and the methodology applied; (ii) the number of drafts written and signing of the report; (iii) Dr. Shatzer's approach to the evidence and the formulation of his conclusions; (iv) the definitions of direct and indirect supervision; (iv) the mechanics of accidents and pain reporting; (v) the claim submission process;  and (v) the opinions to which Dr. Shatzer will testify at trial.  Accordingly, we cannot conclude that Defendants' ability to obtain a fair examination of the deponent was frustrated in this case.

Again, this is not to say that Mr. Henesy's conduct throughout the deposition was unimpeachable.  In fact, as Defendants rightly point out, Mr. Henesy improperly instructed Dr. Shatzer to not answer questions on multiple occasions.  Rule 30(c)(2) expressly limits the instances in which a deponent can be instructed not to answer a question: "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).

6

Here, Mr. Henesy did not assert a privilege, a court limitation, or a Rule 30(d)(3) motion in his instructions to not answer.  These breaches, however, were not egregious enough to merit the sanctions Defendants seek.  Instead, the proper sanction to Mr. Henesy's faulty instructions not to answer is to compel Dr. Shatzer to answers in writing the questions at issue in Defendants' motion (*i.e.*, those at [D.E. 198-1, pp. 28, 61, 73, 68, 133, 177]).  *See Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2022 WL 741628, at *2 (M.D. Fla. Feb. 24, 2022) (denying sanctions but compelling written answers by deponent for questions he refused to answer during deposition); *see also Mitnor Corp.*, 339 F.R.D. at 320 (N.D. Fla. 2021) (noting that "it is impermissible to instruct a deponent not to answer a question because the question seeks irrelevant information, the question already was asked and answered, or because the question exceeds the scope of the deposition notice.").  Accordingly, Defendants' motion is GRANTED in this respect as set forth herein.

Finally, Defendants allege that Mr. Henesy displayed a disrespectful demeanor towards Mr. Diaz—including by smirking and shaking his head on video— and caused discussions that halted the deposition on multiple occasions.  Based on a review of the whole transcript, the Court finds that both parties were partially at fault for the occasional disorderly exchanges that took place during the deposition. The transcript reflects that both sides made unnecessary comments that escalated the discussions, necessitating brief cool-off breaks on each side.  Moreover, it is undisputed that Mr. Henesy did not prematurely end the deposition, and that he

made offers to continue Dr. Shatzer's deposition on another day if needed. [D.E. 198-1, p. 138]. While Mr. Henesy's conduct may not have been a model of decorum or professionalism, we do not find that his conduct to be egregious enough to warrant the sanctions Defendants seek. *See Bassett*, 2019 WL 4691873 at *2 (S.D. Fla. July 29, 2019) (denying sanctions where both sides engaged in unprofessional conduct during deposition); *Sprague v. Indep. Bank*, No. 2:16-CV-88-FTM-29CM, 2016 WL 6778931, at *5 (M.D. Fla. Nov. 16, 2016) (denying sanctions where both parties were partially at fault).

As noted earlier, the deposition transcript reveals that most of Mr. Henesy's objections were made in good faith, and that Dr. Shatzer provided full and complete answers to virtually every single question posed to him by Defendants. Accordingly, we cannot hold that Mr. Henesy frustrated the fair examination of Dr. Shatzer.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants' motion for sanctions is GRANTED in part and DENIED in part:

1.  Dr. Shatzer must provide Defendants with written answers to the questions that Mr. Henesy's improperly instructed him not to answer during the deposition. These answers are **due by June 8, 2022**.

2.  In all other respects, Defendants' motion is DENIED.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of May, 2022.

/s/ *Edwin G. Torres*
United States Magistrate Judge