UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

    Defendants.

_____/

## OMNIBUS ORDER ON THE PARTIES' MOTIONS

This matter is before the Court on Doctor Max Medical Center Corp.'s ("Doctor Max"), Irene Cabrera's, and Dr. Jaqueline Leva's (collectively "Defendants") Amended Motion to Strike Government Employees Insurance Co.'s, GEICO Indemnity Co., GEICO General Insurance Company's, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") Statements of Undisputed Facts [D.E. 243]. Also before the Court is Defendants' Motion for Leave to file an Amended Statement of Facts and a Sur-reply, [D.E. 260], as well as the parties' cross-motions in Limine [D.E. 264, 267]. The Motions have been fully briefed and are now ripe for disposition.[1]

---

[1] On April 16, 2020, the Honorable Kathleen M. Williams referred all pretrial non-dispositive matters to the Undersigned Magistrate Judge for disposition. [D.E. 201].

After careful consideration of the motions and the record presented, Defendants' Motion to Strike Plaintiffs' Statements of Undisputed Facts [D.E. 243] and Motion in Limine [D.E. 267] are **DENIED**; Defendants' Motion for Leave to file Amended Statement of Facts and Sur-reply [D.E. 260] and Plaintiffs' Motions in Limine [D.E. 264] are **GRANTED in part and DENIED in part**.

## I.   BACKGROUND

GEICO commenced this action on April 13, 2020 against Defendants and their co-Defendants. [D.E. 1]. GEICO, a group of insurance companies, alleges that Defendants submitted fraudulent no-fault ("PIP") insurance billing to GEICO. The complaint specifically alleges that Defendants submitted the fraudulent PIP billing through Doctor Max, a Florida healthcare facility. This PIP billing allegedly falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws. However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defendants falsely represented that the services had been performed under the direct supervision licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

## II.     ANALYSIS

### A. *Defendants' Motion to Strike Plaintiffs' Statements of Fact*

Defendants first move this Court to strike certain statements from Plaintiffs' Statement of Undisputed Facts [D.E. 212], alleging that the targeted statements are based on a Declaration that fails to comply with the "personal knowledge" requirement of Fed. R. Civ. P. 56(c)(4), and improperly relies on inadmissible evidence. Defendants also seek attorney fees and sanctions in connection with their motion to strike. For the reasons that follow, Defendants' motion is DENIED.

The granting of a motion to strike is a "drastic remedy" that is disfavored. *Regions Bank v. TBG & CC Recreation, LLC*, Case No. 10-80366-CIV, 2010 WL 3292909, at *1 (S.D. Fla. Aug. 19, 2010). A motion to strike should be granted "only when required for the purposes of justice," and "should be granted only when the [filing] to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).[2]

According to Defendants, Plaintiffs' Statements of Undisputed Facts should be stricken because a large portion of those statements rely on the Declaration of Victoria Spring ("Ms. Spring"), whom Defendants allege lacked personal knowledge over most of the assertions she attested to in her Declaration. Although Defendants acknowledge that her Declaration was based on her review of a large number of business files and other records, some of which she attached to her Declaration, *see*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

[D.E. 243-1], Defendants seem to suggest that because she was not personally involved in the receipt, issuance, or processing of these files she lacks personal knowledge over them and her Declaration runs afoul of Rule 56(c)(4). This argument is flawed.

The Eleventh Circuit has held that district courts may consider statements from declarants who rely on business records and their professional knowledge when attesting to certain facts in their declarations. *See Star2Star Commc'ns, LLC v. AMG Grp. of Brunswick, LLC*, No. 21-13698, 2022 WL 1157776, at *3 (11th Cir. Apr. 19, 2022) (upholding denial to strike premised on lack of personal knowledge where declarant reviewed business records and was qualified to discuss their contents); *see also Silva v. Baptist Health S. Fla., Inc.*, No. 14-CV-21803, 2015 WL 12030094, at *1 (S.D. Fla. Apr. 14, 2015) ("[Declarant] sets forth the requisite foundation for personal knowledge gained from review of records of regularly conducted activity."); *United States v. Kneapler*, 733 F. Supp. 2d 1308, 1319 (S.D. Fla. 2010) ("[P]ersonal knowledge can come from a review of the contents of business files and records.").

Contrary to Defendants' allegations, Ms. Spring is not just a random employee of Plaintiffs. Rather, Ms. Spring is GEICO's Personal Injury Protection ("PIP") Litigation Manager, which makes her competent to understand and discuss the contents of documents relevant to litigations dealing with allegations of fraudulent PIP insurance claims, such as the one at hand. Indeed, a review of her Declaration reveals that her knowledge regarding the matters discussed therein derives from her review of documents that were produced by either Defendants or Plaintiffs in their

regular course of business, and pieces of evidence that have already been admitted in the record, including deposition transcripts. Accordingly, Ms. Spring's Declaration sufficiently sets forth the foundational bases required by Rule 56, and Defendants' argument fails. *See Cargo Airport Servs. USA, LLC v. Transcarga Int'l Airwaus, C.A., Inc.*, 2017 WL 4898292, at *2 (S.D. Fla. Oct. 27, 2017) ("An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his personal knowledge gained through the review of business records."); *Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22324, 2021 WL 5050184, at *6 n.3 (S.D. Fla. Oct. 29, 2021), appeal dismissed, No. 21-14207-BB, 2022 WL 1741355 (11th Cir. Apr. 28, 2022) (refusing to strike declaration "based upon personal knowledge and a review of files which are routinely made and maintained in the ordinary course of business[.]"); *Hines St. Lucia, LLC v. I.H.M. Inc. Ltd.*, No. 16-CV-80562, 2016 WL 10803525, at *3 n.2 (S.D. Fla. Dec. 2, 2016) ("[T]he Court is unaware of any authority supporting Defendants' argument that the employee of a party's affiliate cannot offer an affidavit in support of the party's motion for summary judgment.") (citation omitted).

Defendants also claim that Ms. Spring's Declaration is inadmissible because it relies on hearsay. This claims is likewise unavailing. It is settled law in this Circuit that, for the purposes of a summary judgment, a district court may consider statements that are based on evidence that could be "reduced to admissible form" at trial. *Macuba v. Deboer*, 193 F.3d 1316, 1322-24 (11th Cir.1999) (observing that a

5

hearsay "statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all [ ] . . . or is used solely for impeachment purposes[.]). As Plaintiffs point out, several of Ms. Spring's statements targeted by Defendants were based on Defendants' own admissions via deposition testimony, while others were based on record evidence and business documents that could be reduced to admissible form during trial, either as an exception to hearsay or as not being hearsay at all. *See* Fed. R. Evid. 801(d)(2) and 803(6). Hence, for the purposes of this motion, Plaintiffs have sufficiently shown that the record evidence and documents Ms. Spring relied upon may be admissible at trial, and, as such, Defendants' argument to strike lacks merit. *See Hines St. Lucia, LLC*, 2016 WL 10803525 at *3 (S.D. Fla. Dec. 2, 2016) (considering Excel spread sheet on summary judgment because proponent could possibly reduce it to admissible business records at trial).

Last, Defendants move to strike all of Plaintiffs' statements of material fact that cite to Dr. Mathew Shatzer's Declaration. Dr. Shatzer is a licensed physician who Plaintiffs retained as an expert witness—Plaintiffs properly disclosed him as an expert and timely filed his report. Dr. Shatzer's Declaration does nothing more than confirm the accuracy of his report and offer a copy of the report as an attachment. *See* [D.E. 213-1]. Without citing to any authority in support of their claim, Defendants ask this Court to strike all of Plaintiffs' statements of fact that cite to what they deem improper or inaccurate expert testimony. At worst, the Court construes Defendants' motions as a tardy and improper attack on the methodology

used by Dr. Shatzer in his expert report; this kind of argument belongs in a *Daubert* motion, not a motion to strike. *See Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely."). At best, Defendants are attacking the credibility of Dr. Shatzer's evidence and opinions, which is a matter to be raised to the jury at trial. Either way, Defendants' arguments do not provide a valid basis to strike Plaintiffs' statements of facts. *See Schindler Architects, Inc. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. 06-60668-CIV, 2007 WL 781918, at *4 (S.D. Fla. Mar. 13, 2007) (denying motion to strike expert's affidavit because affidavit was based on expert report that the Court would consider for the purposes of summary judgment). Accordingly, Defendants' motion is DENIED.

## B. *Defendant Fernandez's Motion to File Amended Rule 56.1 Statement of Material Facts and Seeking Leave to File a Sur-Reply*

We now address Defendant Fernandez's motion to file an amended version of his statement of material facts in opposition pursuant to Local Rule 56.1, and seeking leave to file a sur-reply to Plaintiffs' reply in support of their motions for summary judgment. [D.E. 260]. For the reasons that follow, Defendant Fernandez's motions is GRANTED in part and DENIED in part.

"Federal Rule of Civil Procedure 56 and Local Rule 56.1 set forth the procedures for pleading (and responding to) a Motion for Summary Judgment." *Metro Worldwide, LLC v. ZYP, LLC*, No. 19-cv-81502, 2021 WL 1053389, at *2 (S.D. Fla. Jan. 22, 2021), report and recommendation adopted in part, rejected in part, No. 19-

7

CV-81502, 2021 WL 1015960 (S.D. Fla. Mar. 17, 2021). Rule 56(e) states in pertinent part: "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact[.]" Fed. R. Civ. P. 56(e). Furthermore, Local Rule 56.1(d) provides that:

> [I]f a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate.

S.D. Fla. L.R 56.1(d). Here, Defendant Fernandez seeks leave to amend his statement of facts in opposition for the purposes of correcting just a handful mistaken pin cites and cross-reference citations. Specifically, Defendant seeks to correct the citations that he used in no more than eight of his 103-paragraphs-long statement of facts in opposition. To be sure, the amendment does not seek to change the substance of any of his prior statements (*i.e.*, all disputed/undisputed and additional facts remain identical across the two versions). *Compare* [D.E. 254] *with* [D.E. 260-1]. Instead, his amended statement simply introduces immaterial citation corrections that are plainly allowed under the rules. *See Partners Biomedical Sols., LLC v. Saltsman*, No. 19-CV-81316, 2021 WL 1647891, at *3 (S.D. Fla. Apr. 27, 2021) (granting motion to amend statement of facts where "only 20 statements of fact required citations to the record."). Hence, Defendant's motion is GRANTED in this respect.

This does not hold true for Defendant's request to file a sur-reply to Plaintiffs' reply in support of their motion for summary judgment. For starters, Defendant's

argument that the sur-reply is necessary to address his changes in the amended statement of facts is completely unpersuasive. As noted above, the changes introduced in the amended statement are *de minimis* citation fixes that left the substance of the original statements in opposition unaltered. Indeed, to the extent that the amended sur-reply purports to address the changes in Defendant's statement of facts in opposition, it simply restates arguments and facts already included in Defendant's brief in opposition.

Second, contrary to Defendant's claim, Plaintiffs did not raise new issues in their reply brief justifying the filing of a sur-reply. A review of Plaintiff's reply makes it clear that it merely responded to the arguments raised by Defendants' opposition, and cited to authority refuting those arguments. *Compare* [D.E. 256, p. 13] (arguing that, "if claims for unjust enrichment and fraud rests on the same facts, the plaintiff must prove the latter to support the former. If not, both claims fail.") *with* [D.E. 258, p.10] (responding to Defendants' claim by noting that such argument has been previously rejected and citing case law to that effect). This is a proper way to reply to opposition papers and is not tantamount to an introduction of new issues necessitating a sur-reply. *See F.T.C. v. Lalonde*, 545 F. App'x 825, 836 (11th Cir. 2013) (affirming decision to strike sur-reply where party did not raise new issues in reply); *Equal Emp. Opportunity Comm'n v. Univ. of Miami*, No. 19-23131-CIV, 2021 WL 2349490, at *2 (S.D. Fla. June 9, 2021) (denying leave for sur-reply where Plaintiff argued that reply raised new arguments, because "[t]he reply responds to the arguments and the evidence the Plaintiff relied on in her response in

opposition."). Accordingly, Defendant Fernandez's request for leave to file a sur-reply is DENIED.

### C. *Plaintiffs' Motion in Limine to Preclude Certain Statements*

We now address Plaintiffs' motion to preclude Defendant Irene Cabrera from offering testimony about certain matters at trial. [D.E. 264]. Plaintiffs ask this Court to preclude Defendant Cabrera from offering opinions that she is not qualified to provide and that exceed the scope of permissible testimony under Fed. R. Evid. 701. After our review of the parties' briefing materials and the arguments raised by both sides, the motion is GRANTED in part and DENIED in part.

In order to be admissible, lay witness testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The requirement that a lay witness's opinion be rationally related to his perception is satisfied where his or her perception is based on a review of relevant documents, both in and not in evidence. *See United States v. Jayyousi*, 657 F.3d 1085, 1102-03 (11th Cir. 2011). Indeed, the witness's opinion must be based on a rational perception of the reviewed information, and the witness must not "merely deliver[ ] a jury argument from the witness stand" based on inferences drawn from facts already in evidence. *Id.* at 1103.

The last requirement in Rule 702 is intended "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing" and "also ensures that a

party will not evade the expert witness disclosure requirements set forth in [Federal Rule of Civil Procedure] 26 ... by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

Defendants' claim that Plaintiffs' motion is overbroad and premature in some respects is well taken. Plaintiffs seek to preclude Defendant from providing opinion testimony regarding seven broad topics, [D.E. 264, pp. 4-5], and object to several paragraphs in Defendant's affidavit that, in Plaintiffs' view, exemplify the sort of testimony Defendant should not be allowed to deliver at trial. *Id.* at 3. However, Plaintiffs' motion is itself overbroad.

Although Defendant Cabrera is not a licensed medical doctor, physical therapists, or any other type of licensed healthcare provider, she has years of experience as a healthcare office manager, she was in charge of vetting and hiring Dr. Max's medical personnel, and she was physically present at Dr. Max in her role as owner/manager during most of the consultations or treatment sessions relevant to this dispute. [D.E. 213-3 at 24:17-25:9, 36:12-15, 67:17-68:25]. Accordingly, as a lay witness, she can provide non-technical, descriptive testimony derived from her experience as office manager regarding the processes followed by her doctors to assess treatment necessity or prescribe plans of treatment ([D.E. 266-1, ¶¶ 54-55]), as well as the treatment process that new and existing patients would undergo at Dr. Max, including how the doctors and therapists conducted intakes, processed patients, and assigned treatment modalities (*id.* ¶¶ 66-67, 69, 72, 76). The Court, therefore, DENIES Plaintiffs' motion insofar as the motion seeks to exclude this kind of general

testimony. However, the denial is **without prejudice** so to that Plaintiffs can reinstate these objections at trial if necessary if a question is posed that seeks to go much further than this, or if an answer the witness gives exceeds the proper scope of her testimony.

On the other hand, the Court rejects Defendants' misguided proposition that, "depending on the subject matter of the testimony," Defendant Cabrera may be able to provide expert testimony in this case. *See* [D.E. 266, p. 2]. For starters, it is uncontested that Defendants failed to disclose Defendant Cabrera as an expert. *See* Fed. R. Civ. P. 26. Second, Defendant Cabrera does not have any medical professional training, education, or licenses ([D.E. 213-3 at 14:19-15:8]), she is not certified on medical coding or billing, and her day-to-day experiences as an office manager did not include administering medical treatment or conducting medical assessments on patients (*id.* at 26:18-27:3, 28:7-21, 60:2-25). As such, Defendant Cabrera is clearly unqualified to provide opinion testimony on: (i) whether the services provided by the doctors and therapists at Dr. Max were in compliance with medical regulations and standards ([D.E. 266-1, ¶¶ 48, 58]); (ii) whether the medical treatments provided by Dr. Max's medical personnel effectively improved patient's conditions (*id.* ¶ 60); (iii) the topic of medical causation or injury patterns associated with automobile accidents (*id.* ¶¶ 62-63); and (iv) the medical necessity of the treatments provided by Dr. Max or the propriety of the coding and billing submitted to Plaintiffs (*id.* ¶¶ 85-86). These are *expert* opinions that go beyond both the boundaries of Rule 701 testimony and Defendant Cabrera's experience as an office manager. *See Wingster v. Head*, 318 F.

App'x 809, 814 (11th Cir. 2009) (noting that testimony regarding "medical causation issue[s] [were] beyond the scope of a layperson's knowledge [and] required competent medical testimony."); *Serrano v. Fam. Dollar Stores of Fla.*, LLC, No. 19-81257-CIV, 2021 WL 3036673, at *3 (S.D. Fla. June 9, 2021) (admitting testimony regarding the propriety of medical billing where the witness was a "certified medical coding expert" with "decades of practice in the medical field," and noting that, "medical billing and coding issues are beyond the knowledge of an ordinary juror."); *Pringle v. Johnson & Johnson*, No. 13-81022-CIV, 2019 WL 6723822, at *3 (S.D. Fla. Dec. 11, 2019) ("[A]ny testimony about the underlying cause of the patient's injury would be an [sic] hypothesis, and the ability to answer hypothetical questions is the essential difference between expert and lay witnesses.") (marks and citation omitted); *Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-11829, 2015 WL 12839775, at *5 (M.D. Fla. Jan. 23, 2015), *aff'd,* 975 F.3d 1112 (11th Cir. 2020) ("[O]pinions regarding medical causation require scientific and specialized knowledge, and thus are not admissible when offered by lay witnesses."). Accordingly, Plaintiffs' motion is GRANTED in part only in so far as Defendant Cabrera will be precluded from providing expert opinion testimony with regard to these topics at trial.

### D. *Defendants' Motion in Limine to Preclude Certain Statements*

Finally, the Court now turns to Defendants' motion in limine. [D.E. 267]. Defendants move to preclude Plaintiffs from presenting certain evidence and testimony, and from making certain arguments at trial. Specifically, Defendants' motion seeks to preclude Plaintiffs from: (i) "attacking or criticizing counsel and/or the Max Defendants' right to defend the charges in the complaint"; (ii) "[m]entioning

or highlighting that some of the Defendants require a Spanish interpreter"; (iii) "[m]entioning or highlighting that the Defendants should take responsibility for the alleged erroneous billing and return all of the billing payments to the Plaintiffs"; (iv) "[m]entioning of [sic] highlighting that Defendant Jose Cabrera has a criminal arrest history in his past."; (v) "[u]sing opening statements to make inappropriate or inflammatory arguments"; (vi) "[a]ny mention of Max Defendants' failure to call any fact or expert witness at trial"; (vii) "[a]ny attempts to use 'silence as an admission'"; and (viii) "Any attempt to use Defendants' pleadings to impeach any defendant." [D.E. 267]. For the reasons that follow, Defendants' motion is DENIED.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983), in part because the federal rules favor admission of evidence and in part

because relevant evidence is inherently prejudicial to a criminal defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

We find that Defendants' motion in limine lacks merit. Every single request in Defendants' motion is overly broad, vague, and unspecific. It is not clear at all from the motion what specific evidence or testimony the movants seek to exclude, and Defendants provide no explanation for why such evidence would be irrelevant, constitute unfair prejudice, or confuse or misled the jury. *See e.g.* [D.E. 267, pp. 1-3] (asking that Plaintiffs be precluded from "criticizing defense counsel and/or the Max Defendants' right to defend the charges in the complaint"; "[u]sing opening statements to make inappropriate or inflammatory arguments"; or making "mention of Max Defendants' failure to call any fact or expert witness at trial."). Instead, Defendants motion asks the Court to preclude hypothetical questions or testimony with unintelligible and unspecific arguments devoid of any context or supporting legal authority. *See United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla.

15

2010) ("In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds."); *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *4 (S.D. Fla. Dec. 2, 2021) ("[T]he Court cannot preemptively exclude a broad category of evidence without knowing the evidence's substance."); *States v. Benitez*, No. 2:14-CR-124-FTM-38CM, 2015 WL 5760811, at *2 (M.D. Fla. Sept. 16, 2015) (denying motions in limine that were "merely generalized requests not related to specific evidence to be presented at trial."). Accordingly, Defendants' motion is DENIED. This of course does not preclude Defendants from timely objecting to particular questions of the witness that seek inadmissible testimony.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Strike Plaintiffs' Statements [D.E. 243] and Motion in Limine [D.E. 267] are **DENIED**; Defendants' Motion for Leave to file Amended Statement of Facts and Sur-reply [D.E. 260] and Plaintiffs' Motion in Limine [D.E. 264] are **GRANTED in part and DENIED in part**.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of June, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge