# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21558-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

JOSE DEJESUS GOMEZ-CORTES, M.D.,
*et al*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") motion for final default judgment against Defendants Pain Relief Clinic of Homestead Corp. ("Pain Relief Clinic" of "Defaulting Clinic Defendant") and Daniel Collazo Lopez ("Collazo") (together, "Defaulting Defendants"). [D.E. 301]. Defaulting Defendants failed to file a response in opposition and the time to do so has now passed. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiffs' motion for final default judgment against Defaulting

1

Defendants should be **GRANTED**.[1]

## I.   BACKGROUND

GEICO commenced this action on April 13, 2020, against Defaulting Defendants and several other co-Defendants.  [D.E. 1].  GEICO, a group of insurance companies, alleges that Defaulting Defendants submitted fraudulent no-fault ("PIP") insurance billing to GEICO.  The complaint specifically alleges that Collazo submitted fraudulent PIP billing through Pain Relief Clinic, a purported Florida healthcare clinic owned and controlled by Collazo.  The Complaint alleges that this PIP billing falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws.  However, GEICO alleges that the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that Defaulting Defendants billed to GEICO were performed—if performed at all—by unsupervised massage therapists; (ii) Defaulting Defendants falsely represented that the services had been performed under the direct supervision of a licensed physician, when in fact they had not; and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed at all.

---

[1] On July 13, 2022, the Honorable Kathleen M. Williams referred Plaintiffs' motion to the Undersigned for disposition.  [D.E. 302].

2

The Defaulting Defendants answered the Complaint on May 4, 2021. [D.E. 111]. However, the Defaulting Defendants thereafter failed to defend this action by failing to appear for their respective depositions and violating multiple Court Orders directing them to comply with their discovery obligations. *See* [D.E. 186]. Defaulting Defendants' counsel withdrew on December 2, 2021, and the Court Ordered them to obtain new counsel by December 16, 2021. [D.E. 187]. After Defaulting Defendants failed to comply with these Court Orders, Plaintiffs moved to strike the Defaulting Defendants' Answer and for an entry of default. [D.E. 195]. On May 12, 2022, this Court granted Plaintiffs' Motion and entered default against Defaulting Defendants [D.E. 283]. On June 8, 2022, the Court issued a Paperless Order directing Plaintiffs to file a motion for final default judgment against the Defaulting Defendants on or before July 8, 2022, [D.E. 289], and on July 8, 2022, Plaintiffs filed this motion for final default judgment. [D.E. 301]. GEICO seeks final default judgment against Defaulting Defendants with respect to:

(i) the First Cause of Action against Defendant Pain Relief Clinic for a declaratory judgment;

(ii) the Tenth Cause of Action against the Defaulting Defendants for violation of Florida's Deceptive and Unfair Trade Practices Act (the "FDUTPA", Fla. Stat. 501.201 et. seq.);

(iii) the Twelfth Cause of Action against the Defaulting Defendants for common law fraud; and

(iv) the Thirteenth Cause of Action against the Defaulting Defendants for unjust enrichment.

## II.     APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336

F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## III.   ANALYSIS

### A.   *Declaratory Judgment*

GEICO seeks declaratory judgment against Defaulting Clinic Defendant for its alleged collection of PIP benefits in violation of the Florida Health Care Clinic Act ("Clinic Act"), Fla. Stat. § 400.990 *et seq*. GEICO specifically alleges that Pain Relief Clinic falsely represented that it was operating in compliance with the licensing requirements set forth in the Clinic Act and was therefore eligible to collect PIP insurance benefits. But, according to Plaintiffs, the Defaulting Clinic was not operating in compliance with the Clinic Act and was not eligible to receive PIP insurance benefits. This is because Pain Relief Clinic did not have legitimate medical directors who fulfilled their statutory duties as medical directors, including the obligation to systematically review clinic billing to ensure that it was not

5

fraudulent or unlawful, and to ensure that everyone performing healthcare services at the clinics was properly licensed. [D.E. 1 ¶¶ 64–69, 266–267; D.E 301 at 2–3].

A plaintiff-insurer may obtain a declaratory judgment that is not required to pay outstanding PIP bills that originated while a clinic was in violation of the Clinic Act. *See Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1330 (11th Cir. 2016) (citing *State Farm Fire & Casualty Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 584 (11th Cir. 2013)). Such declaratory relief is appropriate in a default judgment. *See State Farm Mut. Auto. Ins. Co. v. Miami Med. Care Ctr., Inc.*, 2016 WL 6962872, at *5 (S.D. Fla. Nov. 29, 2016); *see also Gov't Employees Ins. Co. v. Quality Diagnostic Health Care Inc.*, 2019 WL 11687706, at *8 (S.D. Fla. Dec. 20, 2019), *judgment entered*, 2020 WL 8361916 (S.D. Fla. Dec. 1, 2020) (granting summary judgment in favor of GEICO because a clinic's billing charges were "upcoded" for services not actually provided).

Allegedly, Defaulting Clinic Defendant is actively pursuing collection of unpaid PIP billing from GEICO. There is thus an actual case and controversy between the parties. Accepting all well-pleaded allegations as true, as the Court does upon an entry of default,[2] the services billed to GEICO were not lawful nor lawfully provided. Accordingly, the Court should declare that Plaintiffs are not obligated to pay any of the amounts submitted by Defaulting Clinic Defendant which have not been paid because of Defaulting Clinic Defendants alleged fraudulent and unlawful activity.

---

[2] *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("a defaulted defendant is deemed to "admit[ ] the plaintiff's well-pleaded allegations of fact." (quotation omitted).

### B. *FDUTPA Claims*

To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc.*, 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA." *Id.* (internal quotations and citations omitted). Therefore, a plaintiff-insurer may recover damages under FDUTPA based on evidence that a defendant misrepresented a healthcare clinic's compliance with the Florida Health Care Clinic Act (the "Clinic Act", Fla. Stat. § 400.990 et seq.). *See State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014).

For this case, GEICO has sufficiently alleged facts that show Defaulting Defendants engaged in a deceptive act in violation of FDUPTA by misleading GEICO into believing that it had an obligation to pay the Defaulting Clinic Defendant's bills for PIP benefits even though they were in violation of the Clinic Act. GEICO suffered actual damages as a result of this conduct because GEICO paid many of the Clinic Defendant's bills for PIP benefits in reliance on the allegedly fraudulent claims. GEICO has therefore shown its entitlement to default judgment on its FDUTPA claims.

### C. *Common Law Fraud Claims*

To establish common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time of the

misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury." *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000).

The well-pleaded facts in the complaint—admitted as the result of Defaulting Defendants' default—establish that Defaulting Defendants submitted bills to GEICO containing fraudulent misrepresentations. Further, by defaulting, Defaulting Defendants had scienter and GEICO had justifiable reliance. And because GEICO suffered damages as a result of GEICO's reliance on Defaulting Defendant's misrepresentations, GEICO should be entitled to default judgment on its common law fraud claims.

### D.   *Unjust Enrichment Claims*

To state a claim for unjust enrichment, a plaintiff must allege "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." *State Farm Mut. Auto. Ins. Co. v. A & J Med. Cntr., Inc.*, 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (citing *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

GEICO has pled that Defaulting Defendants received payment from GEICO as a result of their submission or by causing the submission of bills for PIP benefits in violation of the Clinic Act. As a result, GEICO should be entitled to default

8

judgment on its unjust enrichment claims.

### E.      *Damages & Prejudgment Interest*

Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)).  The prejudgment interest rate is set quarterly by the Chief Financial Officer of Florida.  *See* Fla. Stat. §§ 687.01 and 55.03.   The prejudgment interest rate is the rate effective at the time of entitlement.  S*ee TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016).

Having found that Defaulting Defendants should be liable, GEICO should be entitled to damages and prejudgment interest against Defaulting Defendants on each of GEICO's FDUTPA, common law fraud, and unjust enrichment causes of action.

GEICO argues that Defaulting Defendants should be jointly and severally liable for GEICO's damages resulting from each of the Clinic Defendants' fraudulent PIP billing to GEICO.  Because the complaint alleges that Defaulting Defendants acted together to submit the fraudulent PIP billing, we agree that they are jointly and severally liable.  *See Government Employees Ins. Co. v. A & C Medical Center Servs. Corp.*, S.D. Fla. Case No. 1:18-cv-24198-JEM, at ECF No. 181 (granting default judgment and imposing joint and several liability on fraud, unjust enrichment, and FDUTPA claims, where defendants acted together to submit fraudulent PIP billing).

GEICO seeks $978,685.63 in total damages, jointly and severally, against

9

Collazo and Pain Relief Clinic.[3]  This amount is supported by a sworn declaration by the Director of Claims of GEICO.  [D.E. 301-1].  As such, Plaintiffs' motion for final default judgment against Collazo and Pain Relief Clinic should be **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final default judgment against Defaulting Defendants [D.E. 301] should be **GRANTED** as follows:

1. Judgment should be entered declaring that Pain Relief Clinic has no right to receive payment for any pending bills submitted to GEICO; and

2. Final Judgment should be entered in favor of Plaintiffs, against Defendants Daniel Collazo Lopez and Pain Relief Clinic, jointly and severally, for damages in the amount of $978,685.63, which shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v.*

---

[3] The motion also sought prejudgment interest under Florida law, but the amounts provided to the Court did not include a breakdown of damages over periods of time, which would be necessary for a prejudgment interest calculation. Given that only a final total amount is claimed, interest should be awarded but only from the date of entry of the final judgment.

*Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida this 22nd day of February, 2022.

                        /s/ *Edwin G. Torres*
                        EDWIN G. TORRES
                        United States Magistrate Judge